DORE, Judge.
This suit arises out of a collision between plaintiff’s Ford coupe automobile and defendant’s Nash Coach automobile, which occurred at the intersection of Seneca Street and Hiawatha Street in the City of Baton Rouge, on the night of February 4, 1949, at about 7:00 p. m. The weather was misty, raining and it was dark, and, of course, visibility was poor, and the two streets were wet and slippery. Plaintiff was traveling east on Seneca Street, which runs east and west, and the defendant’s car, being driven by his minor son, was traveling south on Hiawatha Street, which runs north and south, going straight ahead. Hiawatha Street is a favored street, and on the southwest corner of Seneca Street, there is a stop sign, indicating to motorists that they should stop before entering the intersection.
Plaintiff alleges and testifies that when he arrived at the intersection he stopped and looked both ways, that is, to his right and his left, and that seeing no approaching vehicle, he proceeded in to the intersection, and that as he got about two-thirds of the way across the intersection, his Ford coupe was struck a violent blow by defendant’s Nash automobile', being driven by defendant’s minor son, and that as a result, plaintiff’s automobile was pushed into a telephone pole situated at the southeast corner of the intersection, with such force that the telephone pole, allegedly a 14-inch pole, was broken off at the ground, and that as a further result, his automobile was damaged in the amount of $436.13, which is the amount that he demands from the defendant, alleging that the accident was caused solely by the negligence of defendant’s son.
The defendant denies that his minor son was negligent in any manner whatsoever, and maintains that the accident was caused solely by the negligence of the plaintiff in entering the favored Hiawatha Street from Seneca Street without stopping and without respecting the right of way of defendant’s automobile, which he should have seen approaching from the north. He makes a re-conventional demand for the damages to his automobile caused by the collision in the amount of $246.67, and in the alternative, he pleads that should the Court find that his minor son was guilty of any negligence, then and in that event, the Court should find that plaintiff was guilty of contributory negligence, barring his recovery on the main demand.
After trial of the case, the District Court, for written- reasons assigned, fouild' that the accident was caused solely by the negligence of plaintiff, and consequently, he *678 dismissed plaintiff’s demand and granted judgment in favor of defendant on the re-conventional demand in the amount of $246.67. Plaintiff has appealed.
There is no question as to the amount of damages sustained by each car as it is stipulated in the record that the respective amounts claimed are correct. The sole question involved is whether or not the .accident could be attributed to the sole ■negligence of .plaintiff or of defendant’s minor son, or whether :the accident was. caused by the negligence of both.
In so far as plaintiff is concerned, he has not sustained the burden of proving that he entered the intersection only after coming to a full stop and after properly ascertaining that it was safe . for him to enter .the intersection. The preponderance of the evidence is to the effect that if he had been proceeding properly he would have seen the Nash car approaching from the north, and that he would have respected the right .pf way of said approaching car and would thereby have avoided the collision. It is very, true that he had negotiated practically-, two-thirds of the intersection at the .time of the impact, but, nevertheless, his action was improper and could not very well be anticipated by the oncoming car on a favored street., Young Sebastian, the driver of the oncoming car, testified that as he was within from 50 to 25 feet of the' intersection when he saw the plaintiff’s car drive up to the intersection and saw the tail lights thereof go on, which led him to believe that plaintiff was going to yield him the right of way. That testimony is corroborated by plaintiff himself, who states that he shifted his car to low gear as he approached the' intersection. This maneuver would naturally cause the tail light to flash. As to whether or not plaintiff actually stopped, the preponderance of the evidence indicates that he did not, but whether he stopped or not, it seems clear that he should have waited for the oncoming car to pass the intersection before proceeding therein. We can see no manifest érror' in the finding of fact of the trial judge that the plaintiff was guilty of negligence which was proximate cause of the accident.
In so far as the question as to whether or not the driver of the Nash automobile-was also guilty of negligence, we cannot agree with the trial judge to absolve him of negligence. ■ According to his own testimony and according to his statement made to the patrolman who investigated the accident, he was driving at least 25 miles per hour, and considering the fact that he struck plaintiffs car with such violence as to push it agains.t a telephone pole, which the patrolman testifies was a 14-inch pole,- and another witness testifies was better'than 10 inches in diameter, and that this substantial telephone pole was broken in two at the ground, we feel that he was probably driving considerably in excess of 25 miles per hour. Regardless, in view of the existing conditions, we do not feel that young Sebastian was proceeding with proper care and caution, even if driving at only 25 miles per hour and especially considering that he saw the approaching car as he arrived at the intersection. It must be remembered that the travel portions of these' two streets are each only about 14 feet in width; that they were wet and slippery, that it was misty, raining and that visibility was very poof. Under' these conditions, it was the duty of young Sebastian in driving the Nash automobile, even -though traveling on the favored street, to have his car in complete control in the event that plaintiff’s car was to ‘ attempt to preempt the intersection, as he did. In other words, if' young Sebastian had been traveling at a proper rate of speed, he could very easily have avoided this collision, especially in view of the fact that at the time of the actual impact,. plaintiff’s car had negotiated about two-thirds of the intersection and the impact occurred at about 6 feet from the southeast corner of the intersection. It is our opinion that young Sebastian’s negligence, as well as plaintiff’s negligence, was a proximate cause of the accident, and that the reconventional demand, as well as the main demand, should have been denied, and both parties left, in the position in which they found themselves.
For these, reasons assigned, it is decreed that the judgment appealed from in so far as it dismisses plaintiff’s demand be and *679 it is hereby affirmed, and that in so far as it grants unto the defendant, as plaintiff in reconvention, a judgment against the plaintiff, it is reversed and set aside, and it is now ordered that demands of the defendant and plaintiff in reconvention be and they are hereby rejected; the cost of the appeal to be paid by the defendant and all other costs to be paid by the plaintiff.